# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 21 2018, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael P. DeArmitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Nino M. Pullins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 21, 2018

Court of Appeals Case No.
18A-CR-388

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1707-F3-3737

**Bailey, Judge.**

# Case Summary

[1] Nino M. Pullins ("Pullins") pleaded guilty to Armed Robbery, as a Level 3 felony.[1] He now appeals, arguing that his sentence is inappropriate.

[2] We affirm.

# Facts and Procedural History

[3] Based on events that occurred on or about July 4, 2017, the State charged Pullins with Armed Robbery, as a Level 3 felony. Pullins and the State reached a plea agreement whereby (1) Pullins would plead guilty as charged; (2) the executed portion of his sentence would not exceed nine years; and (3) the State would not object to the court recommending participation in the Purposeful Incarceration program. Pullins pleaded guilty pursuant to the agreement.

[4] When interviewed for a pre-sentence investigation report—and again at his sentencing hearing on January 16, 2018—Pullins described the events leading up to the offense. Pullins explained that he and friends were traveling back from a college party in Kentucky; Pullins was a passenger in the vehicle. The group needed gas money, so they went to a gas station and drove up next to a man. Through an open window, a female passenger told the man to give them his phone, cards, and money. Pullins then pointed a loaded gun at the man,

---

[1] Ind. Code § 35-42-5-1.

who surrendered his phone and approximately $10. Pullins admitted that he was under the influence of Xanax and methamphetamine at the time.

[5] The trial court ultimately imposed a sentence of nine years executed in the Indiana Department of Correction. In orally pronouncing the sentence, the court explained that it did not think that participation in the Purposeful Incarceration program was appropriate, but that it would consider allowing participation in the program upon a future request for sentence modification.

[6] Pullins now appeals.

# Discussion and Decision

[7] Pursuant to Article 7 of the Indiana Constitution, as implemented by Indiana Appellate Rule 7(B), an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The appropriateness of a sentence "turns on 'myriad . . . factors that come to light in a given case.'" *Taylor v. State*, 86 N.E.3d 157, 165 (Ind. 2017) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008))). Moreover, the question is not whether a different sentence would be more appropriate; the question is whether the sentence imposed is inappropriate. *Helsley v. State*, 43 N.E.3d 225, 228 (Ind. 2015). As "sentencing is principally a discretionary function," *Cardwell*, 895 N.E.2d at 1222, we must give considerable deference to the court's decision—

and that deference "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)," *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Ultimately, the principal role of our review "is to attempt to leaven the outliers." *McCain v. State*, 88 N.E.3d 1066, 1067 (Ind. 2018) (per curiam).

[8] Regarding the offense, Pullins received the advisory sentence of nine years. *See* I.C. § 35-50-2-5 (providing that the sentencing range for a Level 3 felony is between three years and sixteen years, with an advisory sentence of nine years). Because the advisory sentence is the starting point that the legislature "has selected as an appropriate sentence for the crime committed," *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006), the appellant "bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence," *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*. Nonetheless, Pullins does not challenge the length of his sentence. Rather, he argues that his sentence is inappropriate because the court imposed a fully executed sentence. Pullins asserts that he should have received a partially suspended sentence and treatment for substance abuse. In so arguing, Pullins focuses on his relatively young age—twenty when he committed the offense—and his abuse of substances from the age of thirteen.

[9] As to the nature of the offense, Pullins argues that there is nothing particularly egregious "about the actual facts of [the] case that would set it apart as being

more heinous or aggravated than any other Armed Robbery."  Appellant's Br. at 9.  However, we observe that Pullins was not just armed during the robbery; rather, Pullins pointed a loaded gun at the victim while under the influence of Xanax and methamphetamine.

[10]  As to the character of the offender, we acknowledge that Pullins is a young adult who expressed remorse at sentencing, asked for treatment, and shared goals to further his education.  However, Pullins admitted that he had never previously considered treatment for substance abuse, despite having the benefit of a strong family support system.  Moreover, although Pullins does not have a lengthy criminal record—he has a sole misdemeanor conviction for Illegal Consumption of an Alcoholic Beverage—Pullins has had other contacts with the criminal justice system.  Most notably, Pullins was incarcerated for more than two months in 2015 due to serious charges that were later dismissed. Despite having had that daily reminder of the potential consequences of unlawful behavior—a period during which Pullins claimed he was sober— Pullins admitted that he "never thought about treatment even when [he] was in jail." Tr. at 33.  After his release, Pullins was not deterred from engaging in unlawful behavior; he began using drugs, decided to obtain a gun, and carried the gun while under the influence of multiple substances.  Pullins then broke multiple jail rules during the pendency of this case.

[11]  In imposing the nine-year executed sentence and declining to recommend placement in the Purposeful Incarceration program, the court acknowledged Pullins's substance abuse issues, but noted that it did not "believe that substance

abuse has caused [him] to pull a gun on someone and commit a robbery against them." Tr. at 39. After due consideration of the trial court's decision, we are not persuaded that the nine-year executed sentence is inappropriate in light of the nature of the offense and the character of the offender.

[12] Affirmed.

Crone, J., and Brown, J., concur.